IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No._____ |
| GERALD SCOTT TURMAN; 1.83 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, | ) ) ) ) ) ) | (IL-JC-148.000) |
| Defendants. | ) | |

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JACOB D. GETTINGS, MILDRED LOUISE GETTINGS, JACOB GETTINGS, Jr. as CO-TRUSTEES of the LAND TRUST AGREEMENT NO. 10-30-12; 3.98 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, | ) ) ) ) ) ) ) ) | (IL-JC-149.000) |
| Defendants. | ) | |

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DANNY MALONE; DORIS MALONE; | ) | |

| | | |
|---|---|---|
| 1.98 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, | ) ) ) ) | (IL-JC-179.000) |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SINCLAIR FAMILY FARM, LLC; 7.87 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, | ) ) ) ) ) | (IL-JC-183.000) |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SHEILA SEGRAVES; 3.91 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, | ) ) ) ) ) | (IL-JC-220.000) |
| Defendants. | ) ) | |

| | |
|---|---|
| SPIRE STL PIPELINE LLC, a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GREG STOUT; CONNIE STOUT; 1.66 ACRES more or less of REAL | ) ) |

| | |
|---|---|
| PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, ) ) ) ) | (IL-JC-223.000) |
| Defendants. ) | |

# VERIFIED COMPLAINT FOR CONDEMNATION OF TEMPORARY PIPELINE EASEMENTS

NOW COMES, Plaintiff, SPIRE STL PIPELINE LLC, a Missouri limited liability company, by and through its attorneys, Sorling Northrup, Kirk W. Laudeman, of counsel, and for its Verified Complaint for Condemnation of Temporary Pipeline Easements against defendants and certain real property located in Jersey County, Illinois, state as follows:

## GENERAL ALLEGATIONS

**A.      PARTIES AND REAL PROPERTY**

1.      Plaintiff, SPIRE STL PIPELINE LLC ("Spire STL") is a Missouri limited liability company authorized to transact business in Illinois with its principal place of business located at 700 Market Street, St. Louis, Missouri 63101.

2.      The Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity to Spire STL by order dated August 3, 2018 which Certificate of Public Convenience and Necessity was reissued by FERC on December 15, 2022 (collectively hereinafter "FERC Certificate").

3.      Upon the issuance of the FERC Certificate, Spire STL became a natural gas company as defined by section 2(6) of the Natural Gas Act, 15 U.S.C. §§ 717 *et seq.* as regulated by FERC.

4.      Pursuant to the Natural Gas Act, the FERC Certificate grants Spire STL the right to construct, operate, and maintain approximately 65 miles of natural gas pipeline in Missouri

and Illinois ("Spire STL Pipeline"). A copy of the August 3, 2028 FERC Certificate is attached and incorporated herein as **Exhibit 1**. A copy of the December 15, 2022 FERC order reissuing the FERC Certificate is attached and incorporated herein as **Exhibit 2**.

5. The named Defendants are interested parties and the record owners of real property along the Spire STL pipeline route in Jersey County in Illinois, as well as the property at issue all more particularly described herein.

6. Defendant "Unknown Owners" are those individuals who may have a claim or interest in the properties whose names could not be ascertained through reasonably diligent inquiry and as such are made parties to this action as Unknown Owners pursuant to Federal Rule of Civil Procedure 71.1(c)(3).

**B.    NATURE OF THE ACTION**

7. Spire STL files this action pursuant to 15 U.S.C. §717f(h), for the condemnation of certain temporary workspace, additional temporary workspace easements, and temporary access roads (collectively "Temporary Easements") on the Subject Property required for use in connection with the restoration and maintenance of the Spire STL Pipeline.

**C.    JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1331 by virtue of the Natural Gas Act, 15 U.S.C. § 717f(h).

9. Pursuant to 15 U.S.C. § 717f(h), the amounts claimed by the owners of the properties to be condemned exceed Three Thousand Dollars ($3,000.00).

10. Venue in this case is appropriate pursuant to 28 U.S.C. §§ 1391 as the Subject Property is located in Jersey County within the boundaries of the Southern District of Illinois, East St. Louis Division.

11. All Properties may be joined in one action pursuant to Federal Rule of Civil Procedure 71.1(b).

12. Pursuant to the Federal Rules of Civil Procedure, Spire STL shall file the Notices required by Federal Rule of Civil Procedure 71.1(d) contemporaneously with this Complaint.

**D.  SPIRE STL PIPELINE**

13. Spire STL Pipeline is a 65-mile long natural gas pipeline system constructed with 24-inch diameter pipe and extending from an interconnection with Rockies Express Pipeline LLC in Scott County, Illinois to interconnections with Spire Missouri Inc. and Enable Mississippi River Transmission in Missouri. The portion in Illinois extends approximately 59 miles and crosses through Scott, Greene, and Jersey Counties in Illinois.

14. In accordance with the FERC Certificate, Spire STL Pipeline was constructed and placed in-service within two years from the date of the initial issuance of the FERC Certificate.

**E.  CONDEMNATION OF INTERESTS IN REAL PROPERTY**

15. As set forth in detail in the FERC Certificate, the construction, operation, and maintenance of the Spire STL Pipeline is for a public and necessary purpose.

16. In order to construct, operate, and maintain Spire STL Pipeline in a manner conducive to the public interest, convenience, and safety, Spire STL acquired certain permanent easements along the route of Spire STL Pipeline, including without limitation along the route in Jersey County in Illinois.

17. Spire STL Pipeline has a permanent easement through the Subject Property and previously had possession of the Temporary Easements, which possession was released back to Defendants in January 2021.

18.   In furtherance of the authority granted by FERC pursuant to the Natural Gas Act, Spire STL seeks to acquire for the uses and purposes described above Temporary Easements through Landowners' properties for a limited duration of two years.

19.   Spire STL has been unable to acquire the necessary Temporary Easements through Defendants' Properties despite good faith efforts. Spire STL made good faith offers to Defendants for the acquisition of the necessary Temporary Easements before instituting this action, but the named Defendants have either failed to come to an agreement with Spire STL or failed to respond to Spire STL's offers.

## COUNT I

### SPIRE STL PIPELINE LLC, Plaintiff, v.
### GERALD SCOTT TURMAN; 1.83 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.

1.-19.   Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count I.

20.   The owner of record of certain real property situated in Jersey County, Illinois along the Spire STL Pipeline is Gerald Scott Turman (hereinafter "Landowner").

21.   Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 3A** and shown more particularly in the certified plat attached as **Exhibit 3B,** both incorporated herein.

22.   The 1.83 acres more or less described in Exhibits 3A and 3B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25. In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26. It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A. That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B. That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C. That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D. That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E. For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT II

**SPIRE STL PIPELINE LLC, Plaintiff, v.
JACOB D. GETTINGS, MILDRED LOUISE GETTINGS, JACOB GETTINGS, JR. as CO-TRUSTEES of LAND TRUST AGREEMENT NO. 10-30-12; 3.98 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19. Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count II.

20. The owners of record of certain real property situated in Jersey County, Illinois along the Spire STL Pipeline are Jacob D. Gettings, Mildred Louise Gettings, and Jacob Gettings, Jr. as Co-Trustees of under the provisions of a land trust agreement dated the 30th day of October, 2012 and known as Land Trust Agreement No. 10-30-12 (hereinafter collectively "Landowners").

21. Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 4A** and shown more particularly in the certified plat attached as **Exhibit 4B,** both incorporated herein.

22. The 3.98 acres more or less described in Exhibits 4A and 4B, or other property described, is private property, and the Landowner mentioned in connection with the property is,

as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24.     In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25.     In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26.     It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A.     That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B.     That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C. That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D. That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E. For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT III

**SPIRE STL PIPELINE LLC, Plaintiff, v.
DANNY MALONE; DORIS MALONE; 1.98 ACRES more or less of REAL PROPERTY
in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19. Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count III.

20. The owners of record of certain real property situated in Jersey County, Illinois along the Spire STL Pipeline are Danny Malone and Doris Malone (hereinafter collectively "Landowners").

21. Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property, all legally described in **Exhibit 5A** and shown more particularly in the certified plat attached as **Exhibit 5B,** both incorporated herein.

22. The 1.98 acres more or less described in Exhibits 5A and 5B, or other property described, is private property, and the Landowner mentioned in connection with the property is,

as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25. In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26. It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A. That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B. That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C. That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D. That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E. For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT IV

**SPIRE STL PIPELINE LLC, Plaintiff, v.
SINCLAIR FAMILY FARM, LLC; 7.87 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19. Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count IV.

20. The owner of record of certain real property situated in Jersey County, Illinois along the Spire STL Pipeline is Sinclair Family Farm, LLC (hereinafter "Landowner").

21. Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement, additional temporary workspace, and a temporary access road through Landowner's property, all legally described in **Exhibit 6A** and shown more particularly in the certified plat attached as **Exhibit 6B,** both incorporated herein.

22. The 7.87 acres more or less described in Exhibits 6A and 6B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25. In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26. It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A. That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B. That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C. That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D. That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court, ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E. For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT V

**SPIRE STL PIPELINE LLC, Plaintiff, v.
SHEILA SEGRAVES; 3.91 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19. Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count V.

20. The owner of record of certain real property situated in Jersey County, Illinois along the Spire STL Pipeline is Sheila Segraves (hereinafter "Landowner").

21. Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property all legally described in **Exhibit 7A** and shown more particularly in the certified plat attached as **Exhibit 7B,** both incorporated herein.

22. The 3.91 acres more or less described in Exhibits 7A and 7B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23. Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25. In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26. It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A. That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B. That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C. That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D. That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court,

ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

E.      For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

## COUNT VI

**SPIRE STL PIPELINE LLC, Plaintiff, v.
GREG STOUT; CONNIE STOUT; 1.66 ACRES more or less of REAL PROPERTY in JERSEY COUNTY, ILLINOIS; and UNKNOWN OWNERS, Defendants.**

1.-19.   Spire STL repeats and re-alleges paragraphs 1 through 19 of the General Allegations as Paragraphs 1 through 19 of Count VI.

20.     The owners of record of certain real property situated in Jersey County, Illinois along the Spire STL Pipeline are Greg Stout and Connie Stout (hereinafter collectively "Landowners").

21.     Spire STL seeks to acquire for the uses and purposes described above a temporary workspace easement and additional temporary workspace through Landowner's property all legally described in **Exhibit 8A** and shown more particularly in the certified plat attached as **Exhibit 8B,** both incorporated herein.

22.     The 1.66 acres more or less described in Exhibits 8A and 8B, or other property described, is private property, and the Landowner mentioned in connection with the property is, as far as appears of record, and as far as Spire STL has been able to learn, the person who owns or is otherwise interested in the property, or claims to have some interest therein.

23.     Spire STL is not aware of any other individuals or entities whose interest in the property is affected by these proceedings.

24. In addition to the parties named herein, there are or may be other persons who are interested in this action and who may have or claim some right, title, interest of lien in, to, or on the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

25. In addition to persons designated by name herein, there are or may be other persons occupying or in possession of a portion of the property, and the name of each of those other persons is unknown. All such persons are, therefore, made party Defendants to this action by the name and description of "Unknown Owners".

26. It is necessary for Spire STL to exercise its right of eminent domain under 15 U.S.C. §717f(h) of the Natural Gas Act and the FERC Certificate, and pursuant to Federal Rule of Civil Procedure 71.1, in order to obtain the temporary easements necessary to restore and maintain the Spire STL Pipeline through Landowner's property.

WHEREFORE, Plaintiff, SPIRE STL PIPELINE LLC prays:

A. That the notices filed herewith pursuant to Federal Rules of Civil Procedure 71.1(d) be deemed good and sufficient;

B. That said notices be served on the Defendants in a manner afforded by Federal Rules of Civil Procedure 71.1(d)(3);

C. That its right to condemn the easements as defined and set forth in this Complaint on the Defendants' property be recognized and granted;

D. That this Court enter judgment, providing that upon the deposit into the registry of the Court by Spire STL of the amount of just compensation as determined by the Court,

ownership and title of the temporary easements limited to a two-year duration and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

   E. For the issuance of all necessary orders and decrees, and for all other general, equitable, and legal relief allowed by law and which this Court deems appropriate.

          SPIRE STL PIPELINE LLC,
          Plaintiff,

         By: /s/ Kirk W. Laudeman
            One of Its Attorneys

Sorling Northrup
Kirk W. Laudeman, of Counsel (ARDC #6204915)
One North Old State Capitol, Suite 200
Post Office Box 5131
Springfield, IL  62705-5131
Telephone:  (217) 544-1144
Facsimile:  (217) 522-3173
E-Mail:  kwlaudeman@sorlinglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## **VERIFICATION**

I, Dave Feeman, the General Manager of Spire STL Pipeline LLC, verifies under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2024.　　　　　　　　　　　　/s/ Dave Feeman
　　　　　　　　　　　　　　　　　　　　　　Dave Feeman, General Manager
　　　　　　　　　　　　　　　　　　　　　　Spire STL Pipeline LLC