**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**SPIRE STL PIPELINE LLC,**

      **Plaintiff,**

**v.**

**GERALD SCOTT TURMAN, et al.,**

      **Defendants.**

**Case No. 24-CV-00797-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Summary Judgment on Counts II and IV filed by Plaintiff Spire STL Pipeline LLC. (Doc. 50). For the reasons set forth below, Spire's Motion for Summary Judgment is **GRANTED** with respect to Counts II and IV.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is an eminent domain case brought pursuant to the Natural Gas Act of 1938 (codified as amended at 15 U.S.C. § 717). Plaintiff Spire filed its initial verified Complaint on March 18, 2024 seeking condemnation of temporary pipeline easements against six named Defendants and certain real property located in Jersey County, Illinois. (Doc. 1). Service of process was executed against all six Defendants, but none have entered an appearance in this case to date. Spire dismissed Counts I and VI against two of the Defendants pursuant to Federal Rule of Civil Procedure 71.1(i)(1)(A) on June 13, 2024. (Docs. 41, 42). On June 28, 2024, this Court entered an order confirming Spire's right to condemn the temporary easements (*see* Doc. 44)

via the rationale set forth by United States District Judge Colleen Lawless in *Spire STL Pipeline, LLC v. Betty Ann Jefferson Trust*, No. 24-cv-3069 (C.D. Ill, June 5, 2024) and granted Spire's motion for preliminary injunction with respect to Counts I–IV on July 1, 2024 (Doc. 45).

In a Status Report filed on December 5, 2025, Spire informed the Court that it had reached a settlement with Defendants Gerald Scott Turman (Count I) and Danny and Dorris Malone (Count III) in which the Defendants received full compensation from Spire. (Docs. 48, 50). This Court granted Spire's Motion to Dismiss Counts I and III directed the Clerk of Court to disburse $10,548.00 of Spire's deposited cash bond that was attributable to Counts I and III. (*See* Docs. 50, 51).

Spire filed the instant Motion on March 13, 2026. (Doc. 52). Spire requests summary judgment against Jacob D. Gettings, Mildred Louis Gettings, and Jacob "Jay" Gettings, Jr. as Co-Trustees of Land Trust Agreement No. 10-30-12 and 3.98 acres more or less of real property in Jersey County (Count II) (*see* Doc. 52, Exs. 4A, 4B) and against Sinclair Family Farm, LLC and 7.87 acres (Count IV) (*see* Doc. 52, Exs. 6A, 6B).

## APPLICABLE LAW AND LEGAL STANDARDS

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go

beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); s*ee Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Stated another way, the nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640–41 (7th Cir. 2008) (quoting *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008)). The nonmovant cannot simply rely on its pleadings; the nonmovant must present admissible evidence that sufficiently shows the existence of each element of its case on which it will bear the burden of proof at trial. *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (citing *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995); *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.,* 998 F.2d 391, 394 (7th Cir. 1993), *cert. denied*, 510 U.S. 1111 (1994); *Celotex*, 477 U.S. at 323–24).

## ANALYSIS

In support of its Motion, Spire offers the testimony of Carlo Forni, an Illinois-based appraiser. (Doc. 52, p. 2; *see id.*, Exs. 1, 2). Spire argues that because "there is

no evidence of the just compensation due Defendants for the easement interests except Spire STL's appraisal expert's opinion," that "Spire STL is entitled to summary judgment on the issue of compensation for the easement interests." (Doc. 52, p. 2).

The Forni Reports provide the following details.

For the easement interest of Jacob D. Gettings, Mildred Louis Gettings, and Jacob Gettings, Jr. (Count II):

> 1 Whole Property (Count I) $5,134,266
> 2 Less: Value of Partial Acquisition $0
> 3 Indicated value of Remainder Before Acquisition $5,134,266
> 4 Value of Remainder After Acquisition $5,119,938
> 5 Indicated Damages (Before minus After)* $14,328
> **TOTAL COMPENSATION (2+5) $14,328**
> *The damages are entirely a result of temporary impacts on the property as a result of the Temporary Easements

(*Id.*, p. 4 (citing *id.*, Ex. 1)).

> For the easement interest of Sinclair Family Farm, LLC (Count IV):
> 1 Whole Property (Count I) $3,496,630
> 2 Less: Value of Partial Acquisition $0
> 3 Indicated value of Remainder Before Acquisition $3,496,630
> 4 Value of Remainder After Acquisition $3,480,890
> 5 Indicated Damages (Before minus After)* $15,740
> **TOTAL COMPENSATION (2+5) $15,740**
> *The damages are entirely a result of temporary impacts on the property as a result of the Temporary Easements

(*Id.*, p. 4 (citing *id.*, Ex. 2)). Plaintiff notes that "Defendants have not tendered any evidence as to the amount of compensation due for the takings including Fed. R. Civ. P. Rule 26 Reports to Spire STL and have offered no opinion as to the amount of compensation due for the takings." (*Id.*, p. 5). Thus, there remain no questions of fact. It is undisputed that the amount of compensation due to Defendants Jacob D.

Gettings, Mildred Louis Gettings, and Jacob Gettings, Jr. is $14,328 and the amount of compensation due to Defendant Sinclair Family Farm, LLC is $15,740. It is further undisputed that Defendants concede this Court's entry of summary judgment.

### CONCLUSION

For the reasons set for above, Plaintiff Spire STL Pipeline LLC's Motion for Summary Judgment on Counts II and IV (Doc. 52) is **GRANTED**.

Accordingly, this Court finds as follows:

(1) Just compensation for Count II is established at $14,328;

(2) Just compensation for Count IV is established at $15,740;

(3) Spire STL tendered full payment in the amount of $30,068.00 on behalf of Defendants in July 2024 (*see* Docs. 45, 46); therefore, no additional amount is due to Defendants from Spire STL;

(4) The Easements by Condemnation[1] are granted and shall be recorded by Spire STL Pipeline LLC in Jersey County;

(5) The Clerk of Court shall disperse all remaining funds deposited with the Registry of the Court, plus interest accrued to date to Spire STL Pipeline LLC at 700 Market Street, 6th Floor, St. Louis, Missouri 63101.

(6) Judgment to be entered as no further action remains.

**IT IS SO ORDERED.**

**DATED:  March 30, 2026**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**

---

[1] The original has been executed by this Court and will be forwarded to counsel.